Filed 7/16/24  In re C.C. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re C.C., a Person Coming Under the Juvenile Court Law. | B327833 |
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>C.C.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. YJ40095) |

APPEAL from an adjudication of the Superior Court of Los Angeles County.  J. Christopher Smith, Judge.  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

In February 2022, after a contested adjudication hearing, defendant and appellant C.C. was declared a ward of the court. (Welf. & Inst. Code, § 602.)

On January 26, 2023, following C.C.'s arrest for possession of a firearm (Pen. Code, § 25850) and driving a car without the owner's consent (Pen. Code, § 10851), the People filed a petition pursuant to Welfare and Institutions Code section 777 alleging C.C. was in violation of the terms of his probation. C.C. admitted the above two Penal Code allegations in count 1 of the petition, and the juvenile court dismissed the balance of the allegations in the interests of justice.

At the March 21, 2023 dispositional hearing, the juvenile court committed C.C. to a secure youth treatment facility for a baseline term of two years with a maximum term of confinement of five years eight months (the original baseline term of three years was corrected to a two-year term). The court gave C.C. 419 days of precommitment custody credits applied to his maximum term of confinement. The court denied C.C.'s motion to apply his precommitment custody credits to the baseline term in accordance with *In re Ernesto L.* (2022) 81 Cal.App.5th 31 (*Ernesto L.*).

C.C.'s sole contention on appeal is that the juvenile court erred in applying his precommitment custody credits to his maximum term of confinement instead of his two-year baseline term. The same arguments C.C. raises here were recently rejected in *In re Jose R.* (2024) 102 Cal.App.5th 839 (*Jose R.*). We agree with the analysis of *Jose R.*

In 2020 and 2021, the Legislature passed several pieces of legislation aimed at juvenile justice realignment that resulted in the transfer of responsibility for minors who have been adjudged

2

wards of the court from the Division of Juvenile Justice (DJJ) to county governments that were required to establish secure youth treatment facilities. (*Jose R.*, *supra*, 102 Cal.App.5th at p. 845; see also Welf. & Inst. Code, § 736.5, subd. (a).) One of the pieces of legislation, Senate Bill 92 (2021-2022 Reg. Sess.), added Welfare and Institutions Code section 875 which took effect on May 14, 2021. (See Stats. 2021, ch. 18, § 12.)

Like he did in the juvenile court, C.C. relies on *Ernesto L.* which concerned a pre-realignment commitment to the DJJ and calculation of the terms of confinement under Welfare and Institutions Code section 731. (*Ernesto L., supra,* 81 Cal.App.4th at p. 44.) C.C.'s disposition occurred *post-realignment* under newly enacted section 875. Like the minor in *Jose R.*, C.C. nonetheless argues the reasoning of *Ernesto L.* is appropriately applied here.

But as *Jose R.* aptly noted, the statutes governing pre-realignment commitments of wards to the DJJ "did not specify whether the minor's precommitment custody credits should be applied against the maximum custodial term under [Welfare and Institutions Code] section 731 or the maximum exposure term under section 726." (*Jose R.*, *supra*, 102 Cal.App.5th at p. 846.) In contrast, section 875, subdivision (c)(1)(C), applicable to post-realignment commitments, "*unambiguously states* that '[p]recommitment credits for time served *must be applied* against the maximum term of confinement as set pursuant to this subdivision.' " (*Jose R.*, at p. 848, italics added.) "Where statutory language 'is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.' " (*Ibid.*) The juvenile court here properly applied C.C.'s precommitment

3

custody credits to the maximum term of confinement in accordance with the statutory language.

We also reject C.C.'s equal protection claim for the same reasons explained in *Jose R.* "[A]s the Supreme Court has explained, the Legislature is entitled to make changes to sentencing statutes that create disparities between how individuals are sentenced before and after the amendments without violating principles of equal protection." (*Jose R.*, *supra*, 102 Cal.App.5th at p. 850, citing *People v. Floyd* (2003) 31 Cal.4th 179, 191.)

## DISPOSITION

The juvenile court's dispositional order is affirmed.


GRIMES, J.


WE CONCUR:



STRATTON, P. J.



VIRAMONTES, J.

4